MCCARTHY LAW PLC
CANDID CONVERSATION. WISE COUNSEL.

**Kevin Fallon McCarthy, 011017**
**Devan E. Michael, 032803**
**Joon N. Kee, 028152**
**4250 North Drinkwater Blvd, Suite 320**
**Scottsdale, AZ  85251**
**602-456-8900**
**devan.michael@mccarthylawyer.com**
**joon.kee@mccarthylawyer.com**
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| GLENN WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION AND EQUIFAX INFORMATION SERVICES LLC,<br><br>        Defendants. | Case No.  : 2:16-cv-02968-ROS<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT CAPITAL ONE BANK (USA), N. A.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**(**HEARING REQUESTED) |

**TABLE OF CONTENTS**

Page(s)

I.      INTRODUCTION……………………………………………………..…... 1

II.     ARGUMENT…………………………………………………………..………2

        A.  Plaintiff Properly Pled that Capital One Violated the FCRA Pursuant to 15 U.S.C. § 1681s-2 by Furnishing Inaccurate Information to CRAs Related to Plaintiff's Account ...2

        B.  Capital One's Issuance of A Form 1099-C Cancellation of the Debt is Prima Facie Evidence of a Discharged Debt……………………………………………………3

        C.  *F.D.I.C. V. Cashion* is Not to be Relied Upon in Light of *Amtrust*……………………4

        D.  The IRS Language Depended Upon by Capital One is Vague and Unconvincing……5

III.    CONCLUSION…………………………………………………………………..7

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Hernandez v.Wells Fargo Home Mortg.*, No. 2:14-CV-1500 JCM (VCF), 2015 WL 1204985,
at *2-3 (D. Nev. Mar.16, 2015)……......……………………….………………………….3
*Amtrust v. Fossett*, 223 Ariz. 438, 224 P.3d 935 (Ariz. Ct. App. 2009)…………………...3, 4, 5, 6
*Franklin Credit*, 812 A.2d at 60…………………………………………………………...4
*F.D.I.C. v. Cashion*, 720 F.3d 169,177 (4th Cir. 2013)……………………………….1, 4, 5
*Kelly v. Wolpoff & Abramson, L.P.*, 634 F.Supp.2d 1202, 1209 (D. Colo. 2008)…………………6

**Statutes**

15 U.S.C. § 1681s-2………………………………………………………………………..2
15 U.S.C. § 1681s-2(a)(1)(A) (2012)……...……………………………………………...2
15 U.S.C. § 1681s-2(a)(1)(B)(i)-(ii) (2012)………………………………………………2
15 U.S.C. § 1681a ………………………………………………………………………….2
15 U.S.C. § 1681n…………………………………………………………………………..3
A.R.S. § 47-3604……………………………………………………………………….…..4

**Other Resources**

IRS INFO 2005-0207, 2005 WL 3561135…………………………………………………6
IRS,        Publication        4681,        *Chp.        01:        Cancelled        Debts*,
https://www.irs.gov/publications/p4681/ch01.html ......................................................6

McCarthy Law, PLC
4250 N.  Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www. McCarthyLawyer.

Plaintiff GLENN WHITE ("Plaintiff"), by and through counsel undersigned, hereby responds to Defendant CAPITAL ONE BANK (USA), N. A.'s, erroneously sued as CAPITAL ONE, NATIONAL ASSOCIATION, ("Defendant") Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion").  This Response is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff sued Defendant Capital One for its violation of the Fair Credit Reporting Act ("FCRA") on the grounds that Capital One inaccurately reported a balance on Plaintiff's account ending in 3144-0108 ("Account") to the credit reporting agencies ("CRAs"), despite the fact that Capital One sent a notice to Plaintiff entitled Cancellation of Debt on a IRS Form 1099. Capital One now claims it did not discharge the debt when it issued the Cancellation of Debt to Plaintiff and, as a result, it did not violate the FCRA because it is not reporting inaccurate information.

Now, pursuant to Rule 12(b)(6), Defendant alleges Plaintiff has not stated a claim for which relief can be granted despite the fact that Plaintiff has alleged every element necessary to state a claim under the FCRA.  Because Plaintiff's complaint alleges every element necessary to maintain a claim under the FCRA, Defendant is asking the Court to find, as a matter of law, that Defendant's clear notice to Plaintiff titled in large bolded print:  CANCELLATION OF DEBT did NOT cancel Plaintiff's debt.

Defendant's motion should be denied because controlling Arizona case law holds that issuance of a Form 1099-C is *prima facie* evidence of the discharge of debt.  Defendant's reliance on the Fourth Circuit Court of Appeals opinion in *Cashion* is misplaced given controlling Arizona statute and case law on 1099's and the discharge of debt. Undecided issues of fact have no place in a Motion to Dismiss pursuant to Rule 12(b)(6).  Plaintiff has addressed Defendant's arguments concerning IRS information in the unlikely event that the Court takes judicial notice of documents not subject to judicial notice.

///

McCarthy Law, PLC
4250 N.  Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.  McCarthyLawyer.

White v.  Capital One et al.                    1                    Response to Motion to Dismiss

## II.    ARGUMENT

### A.    PLAINTIFF PROPERLY PLED THAT CAPITAL ONE VIOLATED THE FCRA PURSUANT TO 15 U.S.C. § 1681S-2 BY FURNISHING INACCURATE INFORMATION TO CRAS RELATED TO PLAINTIFF'S ACCOUNT

The consumer Plaintiff in this case maintains that Capital One, a furnisher of information, violated the FCRA pursuant to 15 U.S.C. § 1681s-2 by reporting inaccurate information.  Under 15 U.S.C. § 1681s-2, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A) (2012).  Furthermore, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if the person has been notified by the consumer… that specific information is inaccurate and the information is, in fact, inaccurate." 15 U.S.C. § 1681s-2(a)(1)(B)(i)-(ii) (2012).

In his Complaint, Plaintiff properly pleads that Capital One committed a violation under the FCRA[1].  First, Plaintiff disclosed that he is a consumer and victim of inaccurate reporting by Capital One, and that he suffered particularized and concrete harm. *See* Compl., pg. 2, lines 6-7.  Then, Plaintiff set forth the basis of his claim by describing the Account at issue, that Capital One submitted a tax form 1099-C to the IRS for the cancelled amount of debt, and that Plaintiff was obligated to pay taxes on the cancelled debt. *Id.* at 8-17.  Next, Plaintiff alleges the error – Capital One reported a balance of $18,068.00 *after* a Form 1099-C Cancellation of Debt was issued by Capital One on December 31, 2014, inclusive of interest and fees, on Plaintiff's credit report. *Id.* at 18-19.  Plaintiff properly asserted that he disputed the error in writing to the bureaus, attaching supporting documentation. Nonetheless, Capital One failed to correct the error and continued to report the improper balance despite knowing or having reasonable cause to believe that the information related to Plaintiff's Account was being reported inaccurately, to Plaintiff's prejudice. *Id.* at 22-27.

Plaintiff avers that Capital One willfully reported derogatory and inaccurate information about Plaintiff to the CRAs as defined by 15 U.S.C. § 1681a, and that the acts and omissions of

---

[1] For the Court's convenience, a copy of the relevant pages are highlighted and attached as Exhibit A.

MCCARTHY LAW, PLC
4250 N.  DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900
WWW. MCCARTHYLAWYER.

Capital One constitute an unacceptable violation of the FCRA. *Id.* at pg. 3, lines 3-5, 11-12. Accordingly, Plaintiff made a request for relief pursuant to 15 U.S.C. § 1681n. *Id.* at 13-23.

The continued reporting of the balance on Plaintiff's Account is sufficient proof that Capital One failed to conduct a *reasonable* investigation into the *accuracy* of the disputed information. The issue of reasonableness, although not relevant in this response, is also an issue requiring further discovery and fact finding.

Plaintiff has complied with the very steps laid out by Capital One in its Motion necessary for properly pleading a violation for which relief could be granted under the FCRA. *See* Motion *quoting Hernandez v.Wells Fargo Home Mortg.*, No. 2:14-CV-1500 JCM (VCF), 2015 WL 1204985, at *2-3 (D. Nev. Mar.16, 2015).

Plainly, Plaintiff has stated a claim for which relief can be granted under the FCRA. Despite this undeniable fact, Capital One is asking the Court to make a determination, contrary to Arizona law, that on its face, Capital One's notice to the consumer that it was cancelling Plaintiff's debt, the debt was NOT discharged.

**B.** **CAPITAL ONE'S ISSUANCE OF A FORM 1099-C CANCELLATION OF THE DEBT IS PRIMA FACIE EVIDENCE OF A DISCHARGED DEBT.**

Defendant's argument seems to begin with following: Plaintiff has not provided facts to "demonstrate any inaccurate information reported by Capital One." *See* Motion, lines 15-17. Capital One appears to base this argument on the notion that Plaintiff's "unpaid account balance was not extinguished by issuance of the Form 1099-C." *Id.* at lines 12-13. Defendant's argument must be rejected because controlling Arizona law undeniably states that the issuance of a form 1099 is prima facie evidence that the debt has been discharged.

The Arizona decision in *Amtrust v. Fossett* is controlling in this matter. *Amtrust v. Fossett*, 223 Ariz. 438, 224 P.3d 935 (Ariz. Ct. App. 2009) [2]. In *Amtrust*, the lender (Amtrust) provided notice that the remaining debt was discharged by sending the debtors (the Fossetts) a Form 1099-C. *Amtrust* at 439, 936. Amtrust argued, like the Defendant in this matter, that the 1099 did not discharge the debt because Amtrust did not intend to discharge the debt with the issuance of the

---

[2] The *Amtrust* decision was completely omitted from Capital One's Motion.

White v.  Capital One et al.                3                Response to Motion to Dismiss

MCCARTHY LAW, PLC
4250 N.  DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900
WWW.  MCCARTHYLAWYER.

1099 and that issuance of the 1099 alone was insufficient to prove that they intended to discharge the debt. The court disagreed: "We agree with the Fossetts that Amtrust's **issuance of the Form 1099-C is prima facie evidence that it had discharged their debt within the meaning of Arizona law**. Id. at 440, 937 (citing to *Franklin Credit*, 812 A.2d at 60) (emphasis added). In its holding, the Court noted its reliance on A.R.S. § 47-3604, Discharge by Cancellation or Renunciation, as applicable law in determining discharge: "[a] person... may discharge the obligation of a party to pay the instrument by an intentional voluntary act, such as… cancellation of the instrument… or by agreeing not to sue or otherwise renouncing rights against the party…" ARS § 47-3604(A)-(B).

Pursuant to *Amtrust*, Defendant's issuance of the 1099 is *prima facie* evidence that Defendant intended to discharge Plaintiff's debt. Plaintiff's allegations in his Complaint describe the issuance of the 1099. Accordingly, as a matter of Arizona law, Plaintiff has made allegations that, if true, provide prima facie evidence that the debt was discharged. Defendant's continued reporting of the debt to CRA's is a violation of the FCRA. Plaintiff has stated a claim upon which relief may be granted under the FCRA.

Defendant's argument in its motion to dismiss is the same one made by the creditor in *Amtrust*. The *Amtrust* creditor argument was rejected by the *Amtrust* court and should be rejected by this Court as well. As this matter moves to trial, the burden of proof now shifts to Capital One to prove that it did not actually intend to discharge the debt, notwithstanding that Form 1099-C clearly states, on its face, that it is for *cancellation of debt*. Exhibit B.

### C. *F.D.I.C. v. Cashion* Is Not To Be Relied Upon In Light Of *Amtrust*.

Completely ignoring Arizona case law precisely on point and finding nothing in the Ninth Circuit, Defendant goes across the country to find a case to support its claim that its issuance and filing of a Form 1099-C is *not* evidence of a discharged debt: *F.D.I.C v. Cashion*.

In *Cashion*, the Fourth Circuit Court of Appeals held that a Form 1099-C alone does not operate as a legal discharge of a debtor's liability and thus, on its face, does not "raise a genuine issue of material fact" regarding liability. *F.D.I.C. v. Cashion*, 720 F.3d 169,177 (4th Cir. 2013). In line

McCarthy Law, PLC
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www. McCarthyLawyer.

White v. Capital One et al.                4                Response to Motion to Dismiss

with this reasoning, *Cashion* held in favor of F.D.I.C. concluding that the note at issue was not "sufficient evidence" of a discharged debt. *Id.* Cashion appealed the court's holding arguing that the Form 1099-C is prima facie evidence the [debt] was discharged and once this prima facie evidence is established, the burden of persuasion shifts to the creditor to rebut the presumption. *Id.* As the *Cashion* court admits, "there is no uniformity in how these courts have resolved the central inquiry" of whether a Form 1099-C is evidence of a cancelled debt or just "intent" to cancel the debt. *Id.*

Defendant's position materially relies on this one published federal circuit court decision addressing the legal effect of a Form 1099-C. *See* Defendant's Motion, ¶¶ 13-14. This case was not heard in the Ninth Circuit and, more importantly, this case does not interpret the applicable Arizona law.

Read correctly, *Cashion* can only stand for the proposition that, in the Fourth circuit, a Form 1099-C, *standing alone*, fails to raise a triable issue of fact that the underlying debt has been cancelled. Defendant's Motion, ¶¶ 14-17 (citing to *Cashion*).

A close reading of Cashion also reveals significantly more persuasive points to consider, issues that Capital One purposefully neglects to address. First, the *Cashion* court admitted that courts have long noted that "it would be inequitable to permit a creditor to collect the debt after having received the benefit of the 'charge-off' of the debt from filing the Form 1099-C." *Cashion* at 178. *Cashion* also acknowledges that the filed Form 1099-C satisfies the applicable UCC provisions that address when a writing constitutes an intentional, voluntary act of discharge, "and thus itself effectuates the discharge of the relevant debt." *Id.* Although *Cashion* notes that the courts are more or less divided or silent on the issue of a Form 1099-C's legal effect, no such silence operates in the state of Arizona. In Arizona, the 1099 is *prima facie* evidence that the debt has been discharged. To the extent the holding in *Cashion* is at odds with *Amtrust*, *Cashion* must be disregarded.

///

///

McCarthy Law, PLC
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www. McCarthyLawyer.

White v.   Capital One et al.                    5                    Response to Motion to Dismiss

### D. THE IRS LANGUAGE DEPENDED UPON BY CAPITAL ONE IS VAGUE AND UNCONVINCING.

Defendant's request for to Court to take judicial notice of matters set forth by the Internal Revenue Service should be denied for all the reasons stated in Plaintiff's response, which pleading is filed contemporaneously with this pleading. In the unlikely event the Court decides to take judicial notice of the documents urged by Defendant, Plaintiff argues that the language contained in those documents does not change the conclusion compelled by *Amtrust*. The following argument is presented only in the event the Court takes judicial notice of the IRS matters and should not be construed as a stipulation to Defendant's request. Plaintiff strongly opposes Defendant's request regarding judicial notice.

Further, the factual issue of whether the debt was discharged by the issuance of a Form 1099-C is determined by the intent of the parties pursuant to Arizona law. The IRS's opinion on whether cancelled debts are also discharged debts is hardly determinative. Defendant's reliance on IRS information is misplaced in its entirety.

A Form 1099-C Cancellation of Debt is issued when, after a determined period of time, a lender reclassifies the debt as a "loss and write off" or in other words, as a discharged debt. *Amtrust* at 438, 224 (citing to *Kelly v. Wolpoff & Abramson, L.P.*, 634 F.Supp.2d 1202, 1209 (D. Colo. 2008)). Per IRS guidelines, "a discharge of indebtedness is deemed to occur when an identifiable event occurs whether or not an actual discharge of indebtedness has occurred on or before the date of the identifiable event." IRS INFO 2005-0207, 2005 WL 3561135.

Although some of the more than 15 Form 1099s may be vague, nothing is vague about a Form 1099-C and its codes. The codes are clearly identified and defined as being for the cancellation of debt under one or more circumstances. Code H, erroneously listed as Code G in the Complaint (*see* Compl., ¶ 10), is the code listed on Plaintiff's Form 1099-C received from Capital One. It is used in circumstances where there is an "expiration of nonpayment testing period." IRS, Publication 4681, *Chp. 01: Cancelled Debts*, https://www.irs.gov/publications/p4681/ch01.html (last visited on September 13, 2016). "Expiration of the nonpayment testing period doesn't necessarily result from an actual discharge

McCarthy Law, PLC
4250 N.  Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.  McCarthyLawyer.

of indebtedness." *Id.*

In examining the wording used by the IRS to explain the identifiable event Code H, while the expiration of the nonpayment testing period doesn't necessarily result from an actual discharge of indebtedness, to the contrary, it could also be true that the expiration of the nonpayment testing period *does* result from an actual discharge of indebtedness. Given that Plaintiff has presented a prima facie evidence that the debt was indeed discharged, the burden shifts to Capital One to prove by evidence that it did not intend to discharge the debt. Part of the inquiry will likely include a factual determination regarding whether Plaintiff reasonably concluded that Defendant was discharging his debt upon receipt of a document from Defendant titled in large bolded print: Cancellation of Debt.

### III.    CONCLUSION

Plaintiff respectfully requests this Court deny Capital One's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has sufficiently stated a claim upon which relief can be granted. Plaintiff asserted a claim under the FCRA for which clear and distinct relief is available. Plaintiff has offered ample evidence to demonstrate that a Form 1099-C is evidence of a discharged debt.

DATED this 30th day of September, 2016.

MCCARTHY LAW PLC

By: /s/ Devan Michael_____
   Devan E.  Michael
   Kevin Fallon McCarthy
   Joon N. Kee
   Attorneys for Plaintiff

McCarthy Law, PLC
4250 N.  Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www. McCarthyLawyer.

White v.  Capital One et al.                7                Response to Motion to Dismiss

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

*/s/ Devan E.  Michael*

McCarthy Law, PLC
4250 N.  Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.  McCarthyLawyer.

White v.  Capital One et al.                    8                    Response to Motion to Dismiss