WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn White,<br><br>        Plaintiff,<br>vs.<br><br>Capital One, N.A.,<br><br>        Defendant. | No. CV-16-02968-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss. (Doc. 5.) For the reasons discussed below, Defendant's Motion is granted.

**I.    Background**

Plaintiff Glenn White filed the present action on July 29, 2016 in the McDowell Mountain Justice Court against Defendants Capital One, N.A. ("Capital One") and Equifax Information Services, LLC ("Equifax") for alleged violations of the Fair Credit Reporting Act ("FCRA"). (Doc. 1.) Plaintiff contends that Defendant Capital One reported his debt of $18,068.00 to Defendant Equifax, even though Defendant Capital One had issued a 1099-C Internal Revenue Service Form ("1099-C").[1] (Doc. 1 at 11-12.) Defendants timely removed to this Court. (Doc. 1.) All claims against Defendant Equifax were dismissed with prejudice. (Doc. 26.) Defendant Capital One has filed the present Motion to Dismiss. (Doc. 5.)

---

[1] Plaintiff has attached the 1099-C issued by Defendant Capital One to his Complaint; neither the accuracy nor the form's contents are disputed by the parties.

## II. Standard of Review

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacificia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

In deciding a motion to dismiss the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, *id.*, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (internal citation omitted). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

## III. Discussion

15 U.S.C. § 1681s-2(b) imposes an affirmative duty on those who furnish information to consumer reporting agencies to conduct an investigation upon receiving notice that the completeness or accuracy of any information provided by the furnisher is disputed. 15 U.S.C. § 1681s-2(b)(1). In order to state a claim under FCRA, Plaintiff must allege that Defendant Capital One failed to conduct an investigation into the completeness or accuracy of information upon receiving Plaintiff's notice of dispute. *Id.* Here, Plaintiff's FCRA claims that Defendant Capital One reported inaccurate information hinges on the following allegations from his Complaint:

> 8. The 1099-C canceled the principal balance owed, excluding fees and interests;
> 9. The Identifiable Event Code on the 1099-C is marked "G". Exhibit A.
> 10. Code "G" on the 1099-C represents that the creditor has made a decision or policy to discontinue the collection of the debt and cancel the debt.

(Doc. 1 at 10.) In response to Defendant's Motion to Dismiss (Doc. 5), Plaintiff clarifies that the Complaint should read to allege that the 1099-C's identifiable event code is in fact marked "H," (Doc. 18 at 9) which is used to designate the "[e]xpiration of nonpayment testing period." (Doc. 5-1 at 6; Doc. 18 at 9-10.)

Based on the amended allegation, Plaintiff cannot state a plausible claim for relief. *See Iqbal*, 556 U.S. 662 at 681; *Starr v. Baca*, 652 F.3d 1202, 1216-1217 (9th Cir. 2011). Plaintiff argues that "while the expiration of the nonpayment testing period doesn't necessarily result from an actual discharge of indebtedness, to the contrary, it could also be true that the expiration of the nonpayment testing period *does* result from an actual discharge of indebtedness." (emphasis in original) (Doc. 18 at 10.) This argument fails. As Plaintiff does not allege that Defendant Capital One, *in fact*, had made the decision to discontinue collection and cancel his debt with Defendant Capital One, his belief as to the

1 | meaning of the 1099-C does not revive his original claim that Defendant Capital One
2 | inaccurately reported the debt. Accordingly,

**IT IS ORDERED:**

1. That Defendant's Motion to Dismiss (Doc. 5) is **granted**; and
2. The Clerk of Court shall **terminate** this action.

Dated this 29th day of September, 2017.

Honorable Steven P. Logan
United States District Judge